No. 451689

## CHESTER RUDNICKI
v.
## RICHARD I. GOTTLIEB

(June 27, 1957 — October 22, 1957)

*Present:* ADLOW, C. J., BARRON AND HOAG, JJ.

Case tried to Fox, J., in the Municipal Court of the City of Boston.

*Adlow, C. J.* On April 2, 1957 the defendant in the above entitled cause filed a motion before one of the justices of the Municipal Court of the City of Boston requesting permission to extend the time for filing his answer or other pleas by April 15, 1957. At the time that this motion was presented *ex parte* to the court, the time for filing answers or pleas under the Rules had not yet expired. The judge allowed the motion and noted his assent on the motion by inscribing his initials.

On April 9, 1957 the defendant filed a demurrer to the plaintiff's declaration and on April 12, 1957 this demurrer came before the motion session for hearing. Prior to the hearing of the demurrer the plaintiff filed motions to strike out the demurrer of the defendant and to default the defendant for failure to file his answer on the regular date, to wit: on April 2, 1957. The court denied both of these motions, and after hearing sustained the defendant's demurrer, and, being aggrieved by the court's rulings the plaintiff brings this report.

■ *This report is without any merit whatever.* There was nothing irregular or improper in the action of the judge who allowed the motion of the defendant which asked for an extension of time for filing answers to the declaration. In the exercise of his discretion the Rule No. 2 of our court permits this. Similarly, the Rule No. 22 of this court permits the waiver of notice when it does not appear that a notice is necessary.

■ Nor is there any merit to the claim that the assent of the judge could not be indicated by affixing his initials to the motion. We are not aware of any law that requires the signature of a judge in passing on motions of this nature.

In pressing this report the plaintiff has revealed an amazing ignorance of elementary principles of procedure, and of those rules which confer a wide discretion on judges with respect to extending time for filing answers and other pleas.

This report is frivolous and groundless.

*Report dismissed.*

H. Korelitz, for the plaintiff.
Richard I. Gottlieb, for the defendant. Pro se.